THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v OLIVER SNIPE, Appellant.—Appeal from judgment of conviction, Supreme Court,

Bronx County, rendered July 6, 1978, convicting defendant upon his plea of guilty to the crime of attempted murder in the second degree, and sentencing him to an indeterminate term of from 3 to 9 years, held in abeyance, and the matter remanded for a hearing to determine whether the sentence imposed departed from the sentence promised. The question presented for our determination centers on the term of imprisonment pledged by the pleading court. Defendant argues the court promised a term of 0 to 3 years. Respondent asserts the promise was a minimum of 0 to 3 years. In pleading, the following colloquy transpired: "THE COURT: Has anyone forced you to take this plea? THE DEFENDANT: No, your Honor. THE COURT: Do you understand, I'm sure your counsel has explained that the promise of this plea is a sentence of [a mandatory minimum] from zero to three years, do you understand that? THE DEFENDANT: Yes." However, at sentencing the court imposed a term of from 3 to 9 years. The words in parenthesis above are omitted from the typed minutes of the plea proceeding. Respondent maintains that, after reading the microfilm of the stenographic minutes, the words "a mandatory minimum" form the complete understanding among the parties and are part of the record. Defendant disagrees and urges that the plea minutes are complete in their present format. Due to this substantial conflict in the record, we cannot render a knowing determination on the merits *(People v Jiminez,* 73 AD2d 897). The present state of the record is unclear and ambiguous. Our recent guidelines in *People v Carney* (73 AD2d 9) are instructive. In *Carney,* we held (p 12) that where recollections as to the record differ "the final arbiter of the record should be the Judge who presided at the original proceeding sought to be reviewed, if he is available." Although *Carney* addressed the situation where the record was unavailable, the record before us presents a similar dilemma. Thus, this matter should be remitted to Justice Loguen for him to resettle the record of the original plea proceedings. Nor can we accept respondent's proffered affidavit attesting to the incomplete nature of the record. This affidavit wholly disregards statutory dictates. (CPLR 5525.) Concur—Ross, J. P., Markewich, Lupiano, Bloom and Carro, JJ.